Mark KELSEY and Craig L. Faulstich,
Plaintiffs–Appellants,

v.

Donald W. SHEEHAN, et al.,
Defendants–Appellees.

No. 01–1718.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 17, 2001.

Decided Oct. 2, 2001.

Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

Order

Mark Kelsey and Craig Faulstich are members of the (small) police department in Hayward, Wisconsin. They present a variety of constitutional and statutory claims concerning the defendants' operation of the department. After analyzing these claims at length, the district court granted summary judgment for the defendants. We agree with this conclusion, largely for the reasons the district court gave, and add only a few comments. (Other appellate arguments do not require discussion.)

■ 1. One of Kelsey's phone calls, in which he participated at the police station while on duty, was recorded by the Sheriff's Office (which handles recording for the police as well as for its own phones) and later played for the Sheriff of Sawyer

County. Kelsey seeks damages for this interception and disclosure. In both brief and oral argument, Kelsey makes much of the fact that disclosing a police call to the Sheriff is unusual, if not unique, but this has nothing to do with Kelsey's rights. If the recording was lawful, the disclosure was lawful; if the recording was not lawful, the disclosure was not lawful. And the recording was lawful. Federal law permits a police department to record calls on official lines. See 18 U.S.C. § 2510(5)(a); *Amati v. Woodstock,* 176 F.3d 952, 955 (7th Cir.1999). This does not depend on Kelsey's knowledge or consent, as *Amati* makes clear—though Kelsey *did* know about the recording. His proposed distinction between knowledge of the recording process, which he concedes, and knowledge that someone would listen to the recorded conversations, which he denies, is unrelated to anything in the statute. Kelsey therefore has no legal objection to the disclosure.

2. Both plaintiffs were suspended for a time, with pay, while the police department investigated an allegation that they had used excessive force. After an investigation cleared them, they were reinstated. They contend that this procedure, which did not entail an adversarial hearing, violated the due process clause of the fourteenth amendment. If the suspension had been *without* pay they would have been entitled to a prompt post-suspension hearing. See *Gilbert v. Homar,* 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997). But a suspension *with* pay does not deprive the employee of property, see *Townsend v. Vallas,* 256 F.3d 661 (7th Cir.2001); *Swick v. Chicago,* 11 F.3d 85 (7th Cir.1993), and a reputational injury in the absence of any concrete property loss does not come within the due process clause. See *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

3. The police department eliminated a position that one plaintiff sought for himself. He depicts this as "retaliation" for plaintiffs' opposition to an earlier proposal to eliminate two positions. The position is unfathomable. Plaintiffs *succeeded* in their political quest: The proposal to cut two positions was defeated. That they succeeded only in part can't be called "retaliation." Political life has winners and losers, and compromises are struck. The first amendment does not ensure that every lobbying campaign will prevail. One position was cut by virtue of whatever impelled the original proposal to cut two (such as a desire to save money); it is preposterous to describe the elimination of one position as retaliation against those who opposed a plan to cut two positions.

AFFIRMED